UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HORACE G. FRIEND,<br><br>              Plaintiff,<br>    v.<br><br>U.S. ATTORNEY GENERAL,<br><br>              Defendant. | CASE NO. C21-5566JLR<br><br>ORDER |

## I.    INTRODUCTION

Before the court are (1) *pro se* Plaintiff Horace G. Friend's complaint against Defendant the United States Attorney General ("the Attorney General") (Compl. (Dkt. # 6); and (2) Magistrate Judge S. Kate Vaughan's order granting Mr. Friend *in forma pauperis* ("IFP") status and recommending that the court review this action pursuant to 28 U.S.C. § 1915(e)(2)(B) (IFP Order (Dkt. # 5)). Under 28 U.S.C. § 1915(e), courts have authority to review IFP complaints and must dismiss them if "at any time" it is determined that a complaint is frivolous, malicious, fails to state a claim on which relief

ORDER - 1

may be granted, or seeks monetary relief from a defendant who is immune from such relief. As discussed below, Mr. Friend's complaint falls within the category of pleadings that the court must dismiss.

## II.   BACKGROUND

On July 24, 2021, Mr. Friend filed a declaration and application to proceed IFP and a proposed complaint, which were received by the Clerk's office on August 4, 2021. (IFP App. (Dkt. # 1); Prop. Compl. (Dkt. # 1-1).) Mr. Friend filed a corrected IFP application on August 16, 2021 (Corrected IFP App. (Dkt. # 4), which Magistrate Judge Vaughan granted on August 31, 2021 (IFP Order). Mr. Friend's proposed complaint was subsequently filed on the docket. (Compl.)

Mr. Friend's complaint alleges that the Attorney General has violated his constitutional rights. (*Id.* at 1-2.) The complaint further alleges that these violations arise because, over the course of multiple decades, his "application for the return of his stolen certificate of citizenship" has been ignored, and his applications for "a U.S. Passport" and replacement Social Security card have been denied. (*Id.*) Mr. Friend names only the Attorney General as a defendant. (*Id.* at 1.)

As relief, Mr. Friend asks the court to "correct[]" "the wrong perpetrated against him." (*Id.* at 2.)

## III.   ANALYSIS

Title 28 U.S.C. § 1915(e)(2)(B) authorizes a district court to dismiss a claim filed IFP "at any time" if it determines: (1) the action is frivolous or malicious; (2) the action fails to state a claim; or (3) the action seeks relief from a defendant who is immune from

such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  Section 1915(e)(2) parallels the language of Federal Rule of Civil Procedure 12(b)(6).  *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000).  The complaint therefore must allege facts that plausibly establish the defendant's liability.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).  Because Mr. Friend is a *pro se* plaintiff, the court must construe his pleadings liberally.  *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

At bottom, Mr. Friend appears to allege that he has suffered a deprivation of constitutional rights because he has been denied access to various government documents, including a "certificate of citizenship," a passport, and a Social Security card.  (Compl. at 1.)  Even liberally construed, however, Mr. Friend's factual allegations are wholly inadequate to plausibly establish the Attorney General's liability or raise his "right to relief above the speculative level."  *See Twombly*, 550 U.S. at 555.  The court thus concludes that Mr. Friend's complaint fails to state a claim.

To begin, Mr. Friend relies on 42 U.S.C. § 1983 as the basis for his lawsuit against the Attorney General.  (*See* Compl.; Civ. Cover Sheet (Dkt. # 1-2)).  That statute, however, pertains to violations of federal rights committed by state officials, *see* 42 U.S.C. § 1983, and "'provides no cause of action against federal agents acting under color of federal law,'" *Paeste v. Gov't of Guam*, 798 F.3d 1228, 1237 (9th Cir. 2015) (quoting *Billings v. United States*, 57 F.3d 797, 801 (9th Cir. 1995)).  Mr. Friend's complaint does not allege that the Attorney General was acting pursuant to state law (*see generally* Compl.) and so the court will liberally construe Mr. Friend's claim as "an action under the authority of *Bivens* [*v. Six Unknown Named Agents of Federal Bureau of*

*Narcotics*, 403 U.S. 388 (1971)]," *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987). "[A] *Bivens* action is the federal analog to an action against state or local officials under § 1983," and is the proper vehicle for "seek[ing] to hold federal officers individually liable for constitutional violations." *Starr v. Baca*, 652 F.3d 1202, 1206 (9th Cir. 2011).

Even if his claim is construed as a *Bivens* action, however, Mr. Friend fails to state a claim because "a *Bivens* action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity." *Daly-Murphy*, 837 F.2d at 355. Mr. Friend's complaint contains no allegation that the Attorney General acted in an individual capacity to deprive Mr. Friend of his constitutional rights, nor is there reason to construe the complaint in that manner. (*See generally* Compl.)

Ultimately, even if the court construes Mr. Friend's complaint in a manner that avoids these pleading deficiencies, the sparse allegations would still require dismissal. Complaints need not include detailed factual allegations but must contain facts sufficient to place the defendant on notice of what the claims are and the grounds upon which they rest. *See Starr*, 652 F.3d at 1216 (requiring complaints to "contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). Mr. Friend's complaint fails to provide such notice. Indeed, it does not allow either the court or Attorney General to discern—without significant speculation— the nature of the constitutional rights Mr. Friend believes are at issue, whether Mr. Friend has suffered any cognizable harm from his inability to access the enumerated documents, or how the Attorney General's conduct is connected to any such harm.

1    Accordingly, the court concludes that Mr. Friend's complaint fails to state a claim

2 against the Attorney General and dismisses his complaint pursuant to 28 U.S.C.

3 § 1915(e)(2)(B).

4    When a court dismisses a *pro se* plaintiff's complaint, it must give the plaintiff

5 leave to amend "[u]nless it is absolutely clear that no amendment can cure the defect[s]."

6 *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).  Thus, the court

7 grants Mr. Friend fourteen (14) days to file an amended complaint that properly addresses

8 the pleading deficiencies identified in this order.  If Mr. Friend fails to timely comply

9 with this order or fails to file an amended complaint that corrects the identified

10 deficiencies, the court will dismiss his complaint without leave to amend.

11                           **IV.   CONCLUSION**

12    For the foregoing reasons, the court DISMISSES Mr. Friend's complaint

13 (Dkt. # 6) for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) with leave to

14 amend within fourteen (14) days of the filing of this order.

15    Dated this 3rd day of September, 2021.

                                        _____
                                        JAMES L. ROBART
                                        United States District Judge