1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

HORACE G. FRIEND,

CASE NO. C21-5566JLR

11

Plaintiff,

ORDER DISMISSING
AMENDED COMPLAINT

12

v.

13

U.S. ATTORNEY GENERAL,

14

Defendant.

15

## I.    INTRODUCTION

16

Before the court is *pro se* Plaintiff Horace G. Friend's amended complaint against

17

Defendant U.S. Attorney General (the "Attorney General").  (Am. Compl. (Dkt. # 8).)

18

Mr. Friend is proceeding *in forma pauperis* ("IFP").  (*See* IFP Order (Dkt. # 5).)  Under

19

28 U.S.C. § 1915(e), courts have authority to review IFP complaints and must dismiss

20

them if "at any time" it is determined that a complaint is frivolous, malicious, fails to

21

state a claim on which relief may be granted, or seeks monetary relief from a defendant

22

who is immune from such relief.  28 U.S.C. § 1915(e)(2).  The court previously reviewed

1  Mr. Friend's complaint and determined that it failed to state a claim.  (*See* 9/3/21 Order
2  (Dkt. # 7) at 5.)  The court again finds that the amended complaint fails to state a claim
3  against the Attorney General and DISMISSES Mr. Friend's claim without leave to amend
4  and with prejudice.

5                          **II.      BACKGROUND**

6        On July 24, 2021, Mr. Friend filed a declaration and application to proceed IFP
7  and a proposed complaint, which, after some corrections were made to the IFP
8  application, Magistrate Judge S. Kate Vaughan granted on August 31, 2021.  (*See* IFP
9  App. (Dkt. # 1); Prop. Compl. (Dkt. # 1-1); Corrected IFP App. (Dkt. # 4); (IFP Order).)
10  Mr. Friend's proposed complaint was subsequently filed on the docket.  (Compl. (Dkt.
11  # 6).)

12        Mr. Friend's original complaint alleged that the Attorney General violated his
13  constitutional rights by ignoring his "application for the return of his stolen certificate of
14  citizenship" and denying his applications for "a U.S. Passport" and replacement Social
15  Security card.  (*Id.* at 1-2.)  On September 3, 2021, the court found that Mr. Friend's
16  complaint failed to state a claim because it failed to allege facts that "plausibly
17  establish[ed] the Attorney General's liability," or that would "allow either the court or
18  Attorney General to discern—without significant speculation—the nature of the
19  constitutional rights Mr. Friend believes are at issue, whether Mr. Friend has suffered any
20  cognizable harm . . . , or how the Attorney General's conduct is connected to any such
21  harm."  (*See* 9/3/21 Order at 3-5.)  The court granted Mr. Friend leave to amend but
22  //

1    warned that if he "fails to file an amended complaint that corrects the identified

2    deficiencies, the court will dismiss his complaint without leave to amend." (*Id.* at 5.)

3         In his amended complaint, which Mr. Friend alleges that he has suffered a

4    deprivation of a constitutional "right to travel" because he has been denied access to

5    certain government documents, including a U.S. passport and a certificate of citizenship.

6    (Am. Compl. at 1-2.)  Mr. Friend further alleges that the denial of these documents has

7    rendered him unable to travel abroad, which has prevented him from visiting family

8    members who live outside the United States, including for purposes of mourning the

9    deaths of close family members on several occasions. (*See id.* at 1, 3.)  As relief, Mr.

10   Friend does not ask for money damages but seeks the return of his certificate of

11   citizenship, an order compelling issuance of a passport, and an order conferring U.S.

12   citizenship upon his several children and grandchildren. (*Id.*)

### III.   ANALYSIS

14        Title 28 U.S.C. § 1915(e)(2)(B) authorizes a district court to dismiss a claim filed

15   IFP "at any time" if it determines: (1) the action is frivolous or malicious; (2) the action

16   fails to state a claim; or (3) the action seeks relief from a defendant who is immune from

17   such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2) parallels the language of

18   Federal Rules of Civil Procedure 12(b)(6). *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th

19   Cir. 2000).  The complaint therefore must allege facts that plausibly establish the

20   defendant's liability. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007).

21   Because Mr. Friend is a *pro se* plaintiff, the court must construe his pleadings liberally.

22   *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

1    Mr. Friend's amended complaint improves on the original in several important

2    respects.  It names the constitutional right Mr. Friend believes has been violated—the

3    right to international travel (*see* Am. Compl. at 1)—and identifies the harm that has

4    resulted from the deprivation of that right—pain and suffering resulting from the lost

5    opportunities to visit and mourn with family members abroad (*see id.* at 3).  However,

6    even liberally construed, Mr. Friend still fails to allege facts that plausibly connect the

7    Attorney General—the sole defendant—to his alleged injury.[1]  For instance, although Mr.

8    Friend makes passing reference to a "certificate that was snapped from [his] hand," and

9    "hard earned money . . . paid for a 10 year passport," he does not describe these events or

10   allege that the Attorney General was involved in either action.  (*Id.* at 2.)  Given the

11   Attorney General's attenuated connection to the immigration and travel-related

12   documents of which Mr. Friend has allegedly been deprived, the court would need to

13   engage in substantial and improper speculation to identify a connection to the Attorney

14   General on the facts alleged in the amended complaint.

15   Moreover, Mr. Friend continues to style his action as one brought under 42 U.S.C.

16   § 1983.  (*Id.*)  For the same reasons given in the court's prior order of dismissal, the court

17   construes Mr. Friend's amended complaint as an action under *Bivens v. Six Unknown*

18   *Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  (9/3/21 Order at

19   3-4.)  Even so construed, Mr. Friend again fails to state a claim because "a Bivens action

20   //

21   _____

     [1] At other points, and despite suing only the Attorney General, Mr. Friend alleges that he
22   intends to prove that unspecified "government employees, including judges" are responsible for
     his injuries.  (*See id.* at 1.)

can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity." *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987). As before, Mr. Friend neither alleges that the Attorney General acted in an individual capacity, nor gives the court a reason to construe the amended complaint in that manner. (*See generally* Am. Compl.)

Accordingly, the court concludes that Mr. Friend's amended complaint fails to state a claim and dismisses it with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

When a court dismisses a *pro se* plaintiff's complaint, the court must give the plaintiff leave to amend unless it is absolutely clear that amendment could not cure the defects. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Here, the court previously warned Mr. Friend that if he failed to correct the noted deficiencies and meet the required pleading standards, the court would dismiss his complaint without leave to amend. (9/3/21 Order at 5.) Mr. Friend has not corrected those deficiencies. (*See generally* Am. Compl.) Accordingly, the court dismisses his amended complaint without leave to amend and with prejudice.

//

//

//

//

//

//

//

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

## IV.    CONCLUSION

For the foregoing reasons, the court DISMISSES Mr. Friend's amended complaint (Dkt. # 8) for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) without leave to amend and with prejudice.

Dated this 21st day of September, 2021.

JAMES L. ROBART
United States District Judge